

United States District Court
Southern District of Texas
FILED

MAR 13 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-028 |
| | * | |
| FORD MOTOR COMPANY | * | |

### DEFENDANT'S UNOPPOSED MOTION TO JOIN POTENTIALLY RESPONSIBLE THIRD PARTIES AND FOR LEAVE TO FILE A THIRD PARTY COMPLAINT FOR THE SAME PURPOSE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FORD MOTOR COMPANY, Defendant herein, ("Ford") and makes and files this Unopposed Motion to Join Potentially Responsible Third Parties and For Leave to File a Third Party Complaint for the Same Purpose, and for such would show the Court as follows:

### I.
### INTRODUCTION

This case arises out of a collision between an individual named Reynaldo Salinas, Jr. and Plaintiff which occurred on January 31, 1998, in San Benito, Texas. According to the Texas Peace Officer's Accident Report, a vehicle owned by Reynaldo Salinas, Sr., and being driven by Reynaldo Salinas, Jr., struck Plaintiff's vehicle "from the rear." Also according to the Report, "it was determined that [Salinas' vehicle] was traveling at a high rate of speed [and] thus failed to control speed." Plaintiff has sued Ford but not Salinas, contending that he was injured as a result of the accident due to an alleged defect in the seat in which he was traveling. Ford believes that the evidence will support its claims that negligence on the part of driver Reynaldo Salinas, Jr. and on the part of Reynaldo Salinas, Sr. (for negligent entrustment of the vehicle to Salinas, Jr.) proximately caused the occurrence and all of the injuries at issue. The accident occurred more than two (2) years ago, and Ford is timely filing this Motion pursuant to Tex. Civ.

FORD/Compaen
FMC's Motion to Join a Potential Responsible Third Party and for Leave to File Third Party Complaint                    Page 1

Prac. & Rem. Code §33.004(d) within the thirty day period from the date its answer was required to be timely filed.

## II.
## APPLICABLE LAW

This is a diversity case in which the cause of action accrued after September 1, 1995, and suit was filed after September 1, 1996, meaning that the 1995 version of the Texas Civil Practice & Remedies Code, Section 33.001 et seq., will govern the application of relative percentages of responsibility as found by the jury as to Plaintiff. Under Tex. Civ. Prac. & Rem. Code §33.003, the trier of fact will be asked to assess a percentage of negligence as to each claimant, each defendant, each settling person and "each responsible third party who has been joined under Section 33.004."

In turn, Tex. Civ. Prac. & Rem. Code §33.004 states that "... on timely motion made for that purpose, a defendant may seek to join a responsible third party who has not been sued by the claimant." A "responsible third party" is defined as "any person to whom all of the following apply: (i) the court in which the action was filed could exercise jurisdiction over the person; (ii) the person could have been but was not, sued by the claimant; and (iii) the person is or may be liable to the plaintiff for all or a part of the damages claimed against the named defendant or defendants." Tex. Civ. Prac. & Rem. Code §33.011(6)(A).

There is no provision in the Code for any basis under which a court should refuse to grant a motion as to a potentially "responsible third party" once that party meets the definition and the criteria of §33.004. Ford thus moves to join Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. as potentially "responsible third parties." The net result will be that under §33.003, the potential percentages of negligence will be submitted in a single question as to all of the above-named persons, as well as that of any settling party, and any potential percentage of responsibility of Ford will be apportioned appropriately according to Tex. Civ. Prac. & Rem. Code §33.013, taking into account the potential

---

liability of all persons who any party contends and the trier of fact determines were responsible for the occurrence and injuries at issue.

## III.
## APPLICATION OF THE LAW TO THE FACTS

Since each of these persons, Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr., , is a "responsible third party who has not been sued by the claimant" joinder of these persons as responsible third parties is appropriate. Attached hereto as Exhibit "A" is the proposed Third Party Complaint of Ford against Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr.

Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. clearly meet the definition of "responsible third parties" under Tex. Civ. Prac. & Rem. Code §33.011. This Court can exercise jurisdiction over these natural persons. Second, these individuals could have been sued by Plaintiff, but they have not been. Third, Ford contends that it will be able to offer evidence of these parties' responsibility for the accident at issue and thus for the damages claimed by Plaintiff at trial. As stated above, the Texas Peace Officer's Accident Report reflects that Reynaldo Salinas, Sr. owned the vehicle at issue and apparently, entrusted it to Reynaldo Salinas, Jr., who proceeded to impact the rear of Plaintiff's vehicle at what the Report describes as a high and uncontrolled rate of speed. Thus, Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. also meet the third prong of the definition of a "responsible third party."

This Motion to File Third Party Complaint is filed before there has even been any deadline set for joinder of additional parties in this case, and no delay of the case is anticipated by the addition of Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr.

## III.
## CONCLUSION

This is exactly the situation contemplated by the addition of §33.004 to the Texas Civil Practice & Remedies Code. Plaintiffs have to date chosen not to sue the driver of the vehicle which impacted him and his father, owner of that vehicle. By the

1995 amendments to the Code, the State Legislature evidenced its intent to change a system by which the plaintiffs in a case could deliberately exclude such potentially responsible parties from apportionment of percentages of liability. Ford herein avails itself of its rights to have such persons joined in the apportionment of liability by making this Motion. Thus, all consequences will flow from the jury's determination of the relative percentages of <u>all</u> persons who might be responsible for the accident and injuries at issue, and not just those persons hand-picked by Plaintiff to be submitted in the questions dealing with their injuries and damages.

WHEREFORE, Defendant Ford Motor Company prays that this Honorable Court grant its Motion to Join a Potentially Responsible Third Party and For Leave to File a Third Party Complaint for the Same Purpose and grant to it such other and further relief, at law or in equity, as it may be justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Federal Admissions No. 7630
    Alison Kennamer
State Bar No. 11280400
Federal Admissions No. 12023
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she has conferred with counsel for Plaintiff and he is not opposed to this Motion.

_____

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

> M. Lloyd Seljos
> 2208 Primrose, Building C
> McAllen, Texas 78504
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the __13th__ day of __March__, 2000.

_____
Alison D. Kennamer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-028 |
| | * | |
| FORD MOTOR COMPANY | * | |
| | * | |
| VS. | * | |
| | * | |
| REYNALDO SALINAS, JR. AND | * | |
| REYNALDO SALINAS, SR. | * | |

## FORD MOTOR COMPANY'S THIRD PARTY COMPLAINT AGAINST REYNALDO SALINAS, JR. AND REYNALDO SALINAS, SR.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FORD MOTOR COMPANY, a Defendant in the above-entitled and numbered cause, and files this Third Party Complaint Against Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr., and in support thereof would respectfully show unto the Court as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1.01. This action was filed in state court and removed to this federal Court pursuant to 29 U.S.C. §1332. The amount in controversy exceeds the minimum jurisdictional requirements of this Court, and all conditions precedent to the filing of this suit have been satisfied.

1.02 Defendant/Third Party Plaintiff Ford Motor Company ("Ford") sues herein Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. individuals. Reynaldo Salinas, Jr. is an individual who, upon information and belief, may be served with process at his residence

FORD/Compean [17,902]
Third Party Complaint Against Reynaldo Salinas



EXHIBIT A

Page 1

at Route 3, Box 9, Toronja, Los Fresnos, Texas. Reynaldo Salinas, Sr. is an individual who, upon information and belief, may be served with process at his residence at 395 Colorado, San Benito, Texas, 78586. Issuance and service of citation is requested at this time.

1.03   Venue of this action is proper pursuant to 28 U.S.C. §1391(b)(2), in that Cameron County, Texas, which is within the Brownsville Division of the United States District Court for the Southern District of Texas, is the District and Division in which a substantial part of the events or omissions giving rise to the claim occurred.

## II.
## FACTUAL BACKGROUND

2.01   Plaintiff Apolinar Compean filed this action on or about January 20, 2000. In this suit, he alleges that during a vehicular accident which occurred on January 31, 1998, an alleged defect in the 1993 Ford F 150 he was driving caused his seat back to collapse during an accident, allegedly causing him extensive personal injuries.

2.02   Ford obtained a copy of the Texas Peace Officer's Accident Report for the accident at issue, which states that a vehicle driven by Reynaldo Salinas, Jr. and owned by Reynaldo Salinas Sr. was "traveling at a high rate of speed [and] thus failed to control speed" when it struck Plaintiff Compean's vehicle in the rear.

2.03   Ford does not agree and expressly disputes Plaintiff's claim that any defect in his Ford vehicle caused him any personal injuries, and Ford contends that the actions of Reynaldo Salinas, Jr. as driver of the other vehicle involved in the collision were instead the proximate cause of the accident at issue, and consequently of all or part of any alleged damages suffered by Plaintiff as a result of that accident.

# III.
# CAUSE OF ACTION
# COMMON-LAW CONTRIBUTION AND/OR INDEMNIFICATION

3.01 Ford relies upon its rights in such case under Tex. Civ. Prac. & Rem. Code §32.001, et seq. and alleges that Third Party Defendant Reynaldo Salinas, Jr.'s operation of his vehicle during the accident at issue was negligent and that such negligence was the sole cause, superseding cause and/or a proximate cause of the accident and therefore of all or part of any alleged damages suffered by Plaintiff as a result of the accident. Such negligence included failure to control his speed, failure to keep a proper lookout, failure to timely apply his brakes, failure to avoid the collision at issue, and such other and further acts of negligence as may be shown at trial.

3.02 Ford further relies upon its rights in such case under Tex. Civ. Prac. & Rem. Code §32.001, et seq. and alleges that, upon information and belief, Third Party Defendant Reynaldo Salinas, Sr.'s entrustment of the vehicle owned by him to Reynaldo Salinas, Jr. at the time of the accident was negligent and that such negligence was the sole cause, superseding cause and/or a proximate cause of the accident and therefore of all or part of any alleged damages suffered by Plaintiff as a result of the accident.

3.03 Ford specifically alleges that both Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. are potentially "responsible third parties" as that term is used in Tex.Civ.Prac. & Rem.Code §33.004.

3.04 In such case, Ford asks that the trier of fact be asked to determine the percentage of causation attributable as between all potentially responsible parties in this case, including Plaintiff, Ford, Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. and that any damages awarded to Plaintiff be apportioned between these parties as determined by Tex.Civ.Prac. Rem. Code §33.001 et seq.

3.05   Ford thus sues for common law contribution and/or indemnity herein.

# IV.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant/Cross-Plaintiff Ford Motor Company prays that Judgment for common law contribution and/or indemnity as determined by the findings as to percentages of responsibility made by the trier of fact herein; costs of court; and for any and all further relief, at law or in equity, to which Third Party Plaintiff Ford Motor Company may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
      Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Federal Admissions No. 7630
      Alison Kennamer
State Bar No. 11280400
Federal Admissions No. 12023
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

>M. Lloyd Seljos
>2208 Primrose, Building C
>McAllen, Texas 78504
>Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the __13th__ day of __March__, 2000.

_____
Alison Kennamer