IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-028 |
| | * | |
| FORD MOTOR COMPANY | * | |
| | * | |
| VS. | * | |
| | * | |
| REYNALDO SALINAS, JR. AND | * | |
| REYNALDO SALINAS, SR. | * | |

### FORD MOTOR COMPANY'S THIRD PARTY COMPLAINT AGAINST REYNALDO SALINAS, JR. AND REYNALDO SALINAS, SR.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FORD MOTOR COMPANY, a Defendant in the above-entitled and numbered cause, and files this Third Party Complaint Against Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr., and in support thereof would respectfully show unto the Court as follows:

### I.
### JURISDICTION, PARTIES AND VENUE

1.01. This action was filed in state court and removed to this federal Court pursuant to 29 U.S.C. §1332. The amount in controversy exceeds the minimum jurisdictional requirements of this Court, and all conditions precedent to the filing of this suit have been satisfied.

1.02 Defendant/Third Party Plaintiff Ford Motor Company ("Ford") sues herein Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. individuals. Reynaldo Salinas, Jr. is an individual who, upon information and belief, may be served with process at his residence

at Route 3, Box 9, Toronja, Los Fresnos, Texas. Reynaldo Salinas, Sr. is an individual who, upon information and belief, may be served with process at his residence at 395 Colorado, San Benito, Texas, 78586. Issuance and service of citation is requested at this time.

1.03  Venue of this action is proper pursuant to 28 U.S.C. §1391(b)(2), in that Cameron County, Texas, which is within the Brownsville Division of the United States District Court for the Southern District of Texas, is the District and Division in which a substantial part of the events or omissions giving rise to the claim occurred.

## II.
## FACTUAL BACKGROUND

2.01  Plaintiff Apolinar Compean filed this action on or about January 20, 2000. In this suit, he alleges that during a vehicular accident which occurred on January 31, 1998, an alleged defect in the 1993 Ford F 150 he was driving caused his seat back to collapse during an accident, allegedly causing him extensive personal injuries.

2.02  Ford obtained a copy of the Texas Peace Officer's Accident Report for the accident at issue, which states that a vehicle driven by Reynaldo Salinas, Jr. and owned by Reynaldo Salinas Sr. was "traveling at a high rate of speed [and] thus failed to control speed" when it struck Plaintiff Compean's vehicle in the rear.

2.03  Ford does not agree and expressly disputes Plaintiff's claim that any defect in his Ford vehicle caused him any personal injuries, and Ford contends that the actions of Reynaldo Salinas, Jr. as driver of the other vehicle involved in the collision were instead the proximate cause of the accident at issue, and consequently of all or part of any alleged damages suffered by Plaintiff as a result of that accident.

# III.
# CAUSE OF ACTION
# COMMON-LAW CONTRIBUTION AND/OR INDEMNIFICATION

3.01 Ford relies upon its rights in such case under Tex. Civ. Prac. & Rem. Code §32.001, et seq. and alleges that Third Party Defendant Reynaldo Salinas, Jr.'s operation of his vehicle during the accident at issue was negligent and that such negligence was the sole cause, superseding cause and/or a proximate cause of the accident and therefore of all or part of any alleged damages suffered by Plaintiff as a result of the accident. Such negligence included failure to control his speed, failure to keep a proper lookout, failure to timely apply his brakes, failure to avoid the collision at issue, and such other and further acts of negligence as may be shown at trial.

3.02 Ford further relies upon its rights in such case under Tex. Civ. Prac. & Rem. Code §32.001, et seq. and alleges that, upon information and belief, Third Party Defendant Reynaldo Salinas, Sr.'s entrustment of the vehicle owned by him to Reynaldo Salinas, Jr. at the time of the accident was negligent and that such negligence was the sole cause, superseding cause and/or a proximate cause of the accident and therefore of all or part of any alleged damages suffered by Plaintiff as a result of the accident.

3.03 Ford specifically alleges that both Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. are potentially "responsible third parties" as that term is used in Tex.Civ.Prac. & Rem.Code §33.004.

3.04 In such case, Ford asks that the trier of fact be asked to determine the percentage of causation attributable as between all potentially responsible parties in this case, including Plaintiff, Ford, Reynaldo Salinas, Jr. and Reynaldo Salinas, Sr. and that any damages awarded to Plaintiff be apportioned between these parties as determined by Tex.Civ.Prac. Rem. Code §33.001 et seq.

3.05   Ford thus sues for common law contribution and/or indemnity herein.

# IV.
# PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant/Cross-Plaintiff Ford Motor Company prays that Judgment for common law contribution and/or indemnity as determined by the findings as to percentages of responsibility made by the trier of fact herein; costs of court; and for any and all further relief, at law or in equity, to which Third Party Plaintiff Ford Motor Company may show itself justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
     Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Federal Admissions No. 7630
     Alison Kennamer
State Bar No. 11280400
Federal Admissions No. 12023
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

> M. Lloyd Seljos
> 2208 Primrose, Building C
> McAllen, Texas 78504
> Attorneys for Plaintiff

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the ___15th___ day of ___March___, 2000.

_____
Alison Kennamer