9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 0 4 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| APOLINAR COMPEAN | § | |
| | § | |
| VS. | § | |
| | § | |
| FORD MOTOR COMPANY | § | |
| | § | CIVIL ACTION NO. B-00-028 |
| VS. | § | |
| | § | |
| REYNALDO SALINAS, JR. AND | § | |
| REYNALDO SALINAS, SR. | § | |

## REYNALDO SALINAS, JR.'S ANSWER TO
## FORD MOTOR COMPANY'S THIRD-PARTY COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW** REYNALDO SALINAS, JR., Third-Party Defendant, in the above styled

and numbered cause, and for answer to FORD MOTOR COMPANY's Third-Party Complaint

against him, and in support thereof, would respectfully show the Court as follows:

I.

Third-Party Defendant admits the allegations set out in Paragraph 1.01 through 2.01.

II.

Third-Party Defendant does not have sufficient information to admit or deny Paragraph 2.02

of Third-Party Plaintiff's Complaint.

III.

Third-Party Defendant admits that FORD MOTOR COMPANY does not agree and expressly

disputes Plaintiff's claim that any defect in his Ford vehicle caused him any personal injuries, but

denies that the actions of REYNALDO SALINAS, JR. as the driver of the other vehicle involved

in the collision were the proximate cause of the accident at issue and the damages allegedly suffered

by Plaintiff.

IV.

Third-Party Defendant denies the allegations made in Paragraphs 3.01 through 3.03.

V.

Counter-Defendant would show that he is a "settling person" as such is defined by the Texas Civil Practice and Remedies Code, Section 33.001, by virtue of the fact that he, through his liability insurance company, has paid Plaintiff herein money to settle Plaintiff's claims against him. Section 33.015 of the Texas Civil Practice and Remedies Code, entitled "Contribution", provides in Section D that no defendant has a right to contribution against any settling party. Third-Party Plaintiff's claim against this Third-Party Defendant for contribution should therefore be denied.

VI.

Third-Party Defendant would show that Third-Party Plaintiff has no basis for a claim for indemnity because there is no written agreement between the parties for indemnification and Third-Party Defendant is not a manufacturer or seller as those terms are defined by the Texas Civil Practice and Remedies Code 82.001(3)(4).

WHEREFORE, Third-Party Defendant REYNALDO SALINAS, JR. prays that upon trial the Court enter judgment that Third-Party Plaintiff recover nothing against him, that he be awarded his costs of court, and that he have such other relief to which he may be entitled.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520
Telephone: (956) 542-5666
Telecopier: (956) 542-0016

By: _____
W. Michael Fisher
State Bar No. 07062420
Federal Admission No.1080

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and correct copy of the above and foregoing Motion has been sent to the following:

Jaime A. Saenz
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78522

M. Lloyd Seljos
LAW OFFICE OF M. LLOYD SELJOS
2208 Primrose, Building C
McAllen, Texas 78504

on this 4th day of April, 2000.

W. Michael Fisher