IN The UNited States District Court
For The Southern District OF Texas
Brownsville Division

Anthony Dixon
    Plaintiff

Vs

Wayne Scott, David Forrest,
Francis Oerther, Joseph
Holloman, ET AL.
    Defendants- Respondents

Civil Action
NO: B-00-028

United States District Court
Southern District of Texas
FILED

AUG 21 2002

Michael N. Milby
Clerk of Court

Plaintiff Response to magistrate Judge
Order

TO the Honorable Judge of said court:
  Comes Now Anthony Dixon, plaintiff/pro se in the above styled and Numbered cause and file this his response to magistrate Judge Order Pursuant to motion for leave of Court to Refile Civil Action No. B-00-028 with Additional Claims (Docket No. 16), and will show the following.

I

The United States magistrate Judge John Black has stated in the above styled and Numbered cause that the facts of this case have Not been sufficiently developed to enable the Court to

determine whether the action should proceed and service of process should be ordered, or whether the action is dismissible, because plaintiff has failed to exhaust his administrative remedies. The plaintiff is therefore requested to furnish a more definite statement of facts, see, e.g., Watson v Ault 525 F.2d 886, 893 (5th cir. 1976).

In particular, plaintiff is ordered to recite with specificity the factual allegations showing that he has exhausted his administrative remedies. In doing so, plaintiff should explain in detail the steps he took in the state grievance procedure and the results therefrom. Plaintiff should also furnish the court with any and all copies of the grievances he filed as well as any and all copies of the responses he received to these grievances. Plaintiff has 30 days from the date of this order to comply with the order.

## II

Plaintiff has filed a motion for extension of time to comply with this order, because he is having conflict in receiving copies of all his original grievances, he sent to a family member, because the prison system will not make copies for inmates.

Plaintiff family member mailed the original and the copies to his unit of location, but they were returned to the family member because of a violation of mail rules. They are allowed to forward them again. Wherefore plaintiff had requested an

extension of time to comply with the court's order.

## III

Plaintiff avers he is a layman with no legal training which would enable him to know the proper way of refiling a 42 U.S.C.A. § 1983 complaint that has been dismissed without prejudice. Plaintiff filed a new Application (42 USCA § 1983) with additional claims, in forma pauperis, 6 months inmate trust fund account, letter to the Judge, letter to the clerk, memorandum of complaint, Grievances showing exhaustion of his administrative remedies and motion for leave of court to refile civil action No: B-00-028, with additional claims, to the Southern District, Houston division. All these instruments was mailed to the Houston division address, P.O. Box 61010, Houston, Texas 77208, on 6/17/02.

## IV

Plaintiff avers that his grievances were attached to the new application filed on 6/17/02 at the Houston division. The clerk of the Houston division did not forward any of the instruments aforemention to the proper office of the court in the Brownsville division.

## V

Plaintiff has now complied with the order of Judge John Black to show proof of exhaustion of his

prison administrative remedies, although these same grievances were forwarded to the Houston Division on 6/17/02.

## VI

Plaintiff has filed seven (7) claims on his new application (42 U.S.C.A. § 1983). Plaintiff has refiled (3) claims from his civil action No: B-00-028. These claims are —

1. Deliberate Indifference to plaintiff serious medical need. (unwanton infliction of pain and suffering)
2. Deliberate Indifference to risk of harm and safety to plaintiff
3. The Arbitrary obstruction and denial of access to courts.

Plaintiff filed four (4) additional claims. The four additional claims are —

4. Deliberate Indifference a substantial Risk of serious harm, of safety and future health of plaintiff
5. Deliberate Indifference to an unreasonable risk of serious damage to plaintiff present and future health and well being.
6. Racial Discrimination, Bias and prejudice.
7. Denial and obstruction of access to courts, free speech, assistance of counsel, prejudice and bias.

## VII

Plaintiff will show this court that he has exhausted his prison administrative remedies. Each claim

will have a cover sheet explaining the steps that were taken in getting administive exhaustion on that claim. All Grievances are in sequence.

Plaintiff made a diligent effort to exhaust his prison administrative grievances remedies. Letters also are included received from the main office of the Texas Department of Criminal Justice - Institutional Division, Grievances Department.

Plaintiff had contacted the main Grievance Office of TDCJ-ID about he problem with receiving responses to his grievances filed at the Willacy County State Jail where he was incarcerated.

Plaintiff have included copies of grievances that were filed by placing in the grievance box and those grievances were never returned nor was there any response to them. When prison officials fails to respond within the time period allowed by regulations in administrative remedy procedures to respond, then administrative remedies are said to be exhausted. (Underwood v Wilson 151 F.3d 292)

As the judge will notice some of my complaints was placed on grievances over and over before a final response was made on the step two grievance. All of my claims (7) has been exhausted from step one to step two grievances to a conclusion. After receiving a response to my step two grievance there is no other step or procedure in TDCJ-ID grievance process available and Grievance is said to be exhausted to a conclusion.

## VIII

Plaintiff has requested the clerk of the Houston division forward the new Application 42 U.S.C.A § 1983, In forma pauperis, 6 month account record and memorandum and Grievances to the Brownsville Division. Plaintiff would like to know if his additional claims can be concidered on this refiled 42 U.S.C.A § 1983 civil action NO: B-00-028 or will they have to be filed separately on a new complaint? Will this new refiled complaint (7 claims) be concidered an amended complaint under Action NO: B-00-028.

## IX

Plaintiff prays this court has granted his motion for extension of time to respond to Judge John Black's order to show proof of exhaustion to a conclusion. If this court has denied plaintiff motion for extension of time, plaintiff request that this court order the clerk of the Houston division to forward the new application, In Forma pauperis, 6 month account record, memorandum and grievances which was all filed at that office instead of the Brownsville office on 6/17/02, to the Brownsville Division. If this court does not except these grievances, then it must except the grievances that were filed timely at the Houston Division

Plaintiff has tried diligently to receive relief on his 42 U.S.C.A § 1983.

Respectfully submitted
Anthony Dixon
Anthony Dixon

## Prayer

Wherefore plaintiff pray this court will except plaintiff Response to the magistrate Judge Order, to present more definite statement that he has exhausted his administrative remedies to a conclusion. Plaintiff has complied with the court's order and sent proof of exhaustion by mailing letters to and from TDCJ-ID administrator, he has received response letters. Plaintiff enclosed all step one's and step two's grievances. Pray this court will construe these grievance with the eye toward substantial justice.

*Anthony Dixon*
Anthony Dixon 849654
1992 Hilton Rd
Pampa, Texas 79065

## Verification

I Anthony Dixon, plaintiff #849656, being presently incarcerate in the Rufe Jordan Unit, Pampa, Texas. States, I am an inmate in the Texas Department of Criminal Justice - Institutional Division, do and declare under the penalty of prejury that according to my belief and knowledge, this foregoing information and allegations of this the above instrument are true and correct.
Sign on August _____, 15th, 2002

*Anthony Dixon*
Anthony Dixon
1992 Hilton Rd
Pampa, Texas 79065

## Certificate of Service

I Anthony Dixon, Plaintiff/Pro se, in the entitled, styled and numbered cause do here by certify that a true and correct copy of this Response to the Judge's order, has been mailed postage prepaid, placed in the mail Box at the Rufe Jordan unit in Pampa, Texas on the 15th day of August, 2002 Addressed to:

The United States District Court
600 East Harrison Street #101
Brownsville, Texas 78520

Respectfully Submitted

*Anthony Dixon*
Anthony Dixon
Pro-se #849656
Rufe Jordan Unit
1992 Hilton Rd.
Pampa, Texas 79065