28

United States District Court
Southern District of Texas
FILED

MAY 0 9 2001

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

APOLINAR COMPEAN              *
                             *
VS.                          *    CIVIL ACTION NO. B-00-028
                             *
FORD MOTOR COMPANY           *

## DEFENDANT'S UNOPPOSED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FORD MOTOR COMPANY, Defendant herein, ("Ford") and makes and files this Unopposed Motion for Entry of Stipulated Protective Order, and for such would show the Court as follows:

### I.

As a part of the discovery in this case, Plaintiff requested a number of documents which contained proprietary and/or trade secret information of Ford. Ford did not object to producing the documents but did ask that Plaintiff enter into a Stipulated Protective Order to govern the terms under which the documents could be used. Plaintiff's counsel had no objection to same, and signed the proposed Protective Order. Upon Plaintiff's counsel's agreement to abide by the terms of the Order, Ford produced the documents. Ford now asks that the Court accept the parties' proposed Stipulated Protective Order so that it can become a part of the record in this case.

WHEREFORE, Defendant Ford Motor Company prays that this Honorable Court grant its Unopposed Motion for Entry of Stipulated Protective Order and grant to it such other and further relief, at law or in equity, as it may be justly entitled to receive.

---

FORD/Compaen
FMC's Motion for Entry of Protective Order                                    Page 1

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____

       Jaime A. Saenz
Attorney-in-Charge
State Bar No. 17514859
Federal Admissions No. 7630
       Alison Kennamer
State Bar No. 11280400
Federal Admissions No. 12023
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF CONFERENCE

The undersigned certifies that she has conferred with counsel for Plaintiff about the substance of the Motion, which is the entry of the Stipulated Protective Order and he is not opposed to same, having signed the proposed Order.

Alison D. Kennamer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

M. Lloyd Seljos
Law Office of M. Lloyd Seljos
2208 Primrose, Bldg. C
McAllen, Texas 78504

George Powell
Hinojosa & Powell
612 Nolana, Suite 410
McAllen, Texas 78504

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 9th day of May, 2001.

Alison D. Kennamer

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | **CIVIL ACTION NO. B-00-028** |
| | * | |
| FORD MOTOR COMPANY | * | |

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain documents to be produced by FORD MOTOR COMPANY ("FORD") in this action, it is mutually agreed that and the Court finds that an Interim Protective Order should be entered in this cause as a means of expediting discovery of documents and information which may be relevant herein prior to trial; and

IT IS THEREFORE ORDERED that:

## I.

## PROCEDURES FOR DETERMINING CONFIDENTIAL STATUS

1.01. A "Stamped Confidential Document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" "SUBJECT TO PROTECTIVE ORDER" or a substantially similar legend, to signify that it contains information believed to be subject to protection under the relevant portions of Texas law.

1.02. For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to requests for production, subpoena, by agreement, or otherwise.

1.03 Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain material entitled to protection may be accorded status as Stamped Confidential Documents, but to the extent feasible, shall be prepared in such a manner

that the Confidential information is bound separately from that not entitled to protection.

1.04   Documents so produced are for interim use in this litigation and therefore no finding has been made that they have a probable adverse effect upon the general public health or safety, or the administration of public office, or the operation of government..

1.05   Any document may be designated a Stamped Confidential Document by having the legend placed upon it as stated in paragraph 1.01, and upon having such a legend placed upon will immediately be treated as a Stamped Confidential Document and given all protections owed to such documents under this Order.  If any party to this Agreement wishes to challenge the Confidential status of a Stamped Confidential Document, that party shall do so in writing with proof of service to counsel of record for the designating party in this case and shall specifically identify the document or document(s) so challenged.  Upon receipt of a written challenge to the Confidential status of any Stamped Confidential Document(s), the designating party shall have fifteen (15) days in which to provide to counsel for the challenging party written evidence, by affidavit or otherwise, of the Confidential status of the challenged document(s).  Upon receipt of the written evidence supporting Confidential status, counsel for the challenging party will review same, and if not satisfied of the Confidential status, will inform the designating party so that both parties may obtain a hearing setting on an agreeable date for determination of the Confidential status of the documents. Confidential status shall be determined under applicable Texas law, including the terms of In re Continental General Tire, Inc., 979 S.W.2d 609 (Tex. 1998), and all documents challenged shall maintain their Confidential status until the challenge is resolved.

1.06   The Confidential status accorded any documents, information or material produced pursuant to the Order shall remain in effect until further Order of this Court as to any such document, information or material.

1.07   Markings made by FORD on documents produced pursuant to this cause number shall not obliterate or render unintelligible any information contained in such documents, nor shall such markings be made in such a manner as to render photocopies of such documents unintelligible or difficult to read or interpret.

## II.

## ORDERS REGARDING "CONFIDENTIAL" DOCUMENTS OR THINGS

With regard to those documents, information or material which are accorded "Confidential" status as set forth above, the following orders shall be in effect:

2.01. The parties and the parties' counsel shall not provide copies of such documents, information or materials to any person or entity except as otherwise provided below.

2.02  Stamped Confidential Documents may be disclosed: to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegals, assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation to persons with prior knowledge of the documents or the Confidential information contained therein, and their agents; and to court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions. and any special master appointed by the court).

2.03  Subject to the provisions of subparagraph (d), such documents may also be disclosed;

    (a)    To persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; and

    (b)    to other attorneys involved in the prosecution of similar litigation against FORD;

Protective Order as to Confidential Documents

(c)    provided, however, that in all such cases listed in subparagraphs (a) and (b), the individual to whom disclosure is to be made has signed a copy of the Protective Order or a copy of the Promise of Confidentiality which attached hereto as Exhibit "1".

2.04   For purposes of paragraph 2.03(c) "similar litigation" is defined as a case involving allegations that contain allegations that a person in a front seat of a 1992 – 1996 Ford F-150, F-250, F-350 Supercab vehicles and 1992 - 1996 Bronco vehicles involved in a rear impact collision sustained injuries due to a purported defect of the front seat(s) contained in the vehicle.

2.05   Confidential documents, information or materials produced pursuant to this Order, and any copies thereof, may be disclosed to deponents or witnesses during the course of their preparation for, and the taking of, their deposition or testimony. Prior to the disclosure of such information to a deponent or witness, the attorney making such disclosure shall advise the deponent or witness to whom the documents, information or materials contained therein are to be disclosed that, pursuant to this Order, such deponent or witness may not divulge any such materials or the information contained therein to any other person, firm, or corporation, except in their testimony or to other attorneys involved in litigation against FORD. Parties may, within ten (10) days after receiving the first transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are Confidential and marking such pages with the following legend: "Confidential -- Subject to protection pursuant to Court Order." Until expiration of the 10-day period, the entire deposition will be kept Confidential as provided by this Order. If no party timely designates Confidential information in a deposition, then none of the transcript or its exhibits will be treated as Confidential. If a timely designation is made, the Confidential portions and exhibits shall be kept Confidential as provided by this Order, subject to the challenge provisions of Paragraph 1.05.

2.06   Stamped Confidential Documents should not be filed with the Clerk except when required in connection with motions under Texas Rules of Civil Procedure or Texas Rules of Evidence or in connection with other matters pending before the

court. Any filings of Stamped Confidential Documents shall be labeled by the party filing same as "Stamped Confidential Documents Pursuant to Protective Order," shall be placed in a separate envelope, and shall be kept Confidential as provided by this Order.

2.07   Plaintiff's counsel shall maintain a list of names of each person to whom Stamped Confidential Documents covered by this Order have been disclosed under section 2.03 (i.e., persons other than Plaintiff and Plaintiff's counsel and their employees), in case the same is needed for in camera inspection by a Court at some future date. This provision is intended to include experts, consultants, or other individuals that Plaintiff's counsel may utilize in prosecution of this litigation.

### III.
### ADDITIONAL PROVISIONS

3.01   This Protective Order and its terms may be modified by any subsequent Protective Order to which both Plaintiff and Defendant FORD have agreed and/or which is entered by this Court.

3.02   Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Stamped Confidential Documents.

3.03   The provisions of this order shall not terminate at the conclusion of these actions. 2.08 If requested by FORD. or FORD's counsel in writing, Plaintiff shall return all copies of Confidential information within Plaintiff's care, custody or control to FORD's counsel within sixty days of the litigation's conclusion.

3.04   This Order does not affect any party's ability to object to the admissibility of any of the documents at trial on relevance or other grounds.

SIGNED AND ENTERED, this _____ day of _____, 2001.

_____
JUDGE PRESIDING

AGREED AND APPROVED:

_____

George Powell
Attorney for Plaintiff
Apolinar Compean

_____

Alison D. Kennamer
Attorney for FORD MOTOR COMPANY

AFFIDAVIT OF _____,

being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

"I have read the Protective Order attached hereto and I understand its terms and meanings. I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of Texas, Brownsville Division, where Civil Action No. B-00-028, styled <u>Apolinar Compeon v. Ford Motor Company</u>, is pending, and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order by the Parties, as if originally agreed by me.

FURTHER AFFIANT SAYETH NOT."

_____

Sworn and subscribed to before me this _7th_ day of _May_ _____,
2001.

JANIE MORIN
NOTARY PUBLIC
State of Texas
Comm. Exp. 08-17-2004

_____
NOTARY PUBLIC
My Commission Expires: _8/17/04_

EXHIBIT "A"