33

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-028 |
| | * | |
| FORD MOTOR COMPANY | * | |

## MOTION IN LIMINE OF DEFENDANT
## FORD MOTOR COMPANY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FORD MOTOR COMPANY, a Defendant in the above styled and numbered cause, and makes and files this Motion in Limine and, before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, respectfully moves the Court to instruct all other parties and all of those parties' witnesses to refrain from making any mention through interrogation, voir dire examination, opening statement, arguments or otherwise, either directly or indirectly, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court, outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case, with regard to the following:

### 1.
### OTHER ACCIDENTS, CLAIMS OR ALLEGED DEFECTS, INCLUDING ANY SPECIFIC ALLEGED OTHER LAWSUIT (S)

Any other accidents, claims, or lawsuits; notices of accidents, claims or lawsuits; or unreported alleged defects or problems involving any vehicle other than the specific vehicle at issue in this case, including but not limited to any questions or testimony regarding other lawsuits against Ford involving allegations of seat back defects, until a showing has been made outside the presence of the jury that any such alleged incidents involved substantially similar incidents and until a probative purpose for admissibility has been shown.   Plaintiff is required to demonstrate that any such evidence is offered

for a probative purpose and that such evidence involves substantially or reasonably similar claims, depending upon such purpose, and Plaintiff has not yet made such a showing. In addition, any such evidence would be hearsay, irrelevant, confusing and prejudicial to Defendant beyond any probative effect. Ford has filed a Brief in Support of Paragraphs 1 – 2 of this Motion in Limine on this issue and respectfully incorporates herein the same as if fully set out. Fed.R. Evid. 401, 402, 403, 404(b).

Agreed: \_\_\_\_    Granted: \_\_\_\_    Denied: \_\_\_\_

## 2.
### ANY EVIDENCE OF REPAIRS MADE TO OTHER VEHICLES SHOWING ALLEGED EVIDENCE OF OTHER SEAT "FAILURES"

Any evidence that other F-150 pickup trucks besides the incident vehicle "had to be repaired" in the area of the damage to this truck, and/or any allegation as a part of such testimony that other trucks than the F-150 pickup truck at issue had suffered metal tears, deformation or other "failures," on the grounds that the circumstances under which such alleged tears, deformation or failures have occurred must first be shown to the Court and shown to be substantially similar in order for such evidence to have any relevance. Ford has filed a Brief in Support of Paragraphs 1 – 2 of this Motion in Limine on this issue and respectfully incorporates herein same as if fully set out. Fed.R. Evid. 401, 402, 403, 404(b).

Agreed: \_\_\_\_    Granted: \_\_\_\_    Denied: \_\_\_\_

## 3.

## ANY ALLEGATION OR ARGUMENT THAT REPAIR RATHER THAN REPLACEMENT OF THE SEAT WAS IMPROPER

Any argument or inference that the repairs first made to the seat in the vehicle at issue after the accident, which constituted repair rather than replacement, was an improper act on Ford's part, in that (1) the repairs referenced here were after the accident at issue and have not formed the basis of any allegation that they caused any injuries or damages to Plaintiff, and that (2) the entity performing such repairs was the independently owned dealership of Kivett-Rodriguez, and there has been no evidence that any employee of Ford Motor Company was aware of the decision to perform same. Therefore, any argument that such repairs were improper would be irrelevant and unduly prejudicial. Fed.R. Evid. 401, 402, 403.

Agreed: \_\_\_\_    Granted: \_\_\_\_    Denied: \_\_\_\_

## 4.

## ANY REFERENCE TO PROPOSED RULEMAKING REGARDING FMVSS 207

Any reference to Ford's participation in the proposed rulemaking process regarding Federal Motor Vehicle Safety Standard (FMVSS) 2-207, which involves the strength of seatbacks; any reference to Ford's opposition to proposed regulations regarding possibly requiring stronger seatbacks. Ford's participation in the rulemaking process is specifically contemplated by the Federal Motor Vehicle Safety Act, 49 U.S.C. §30103 et seq., and is an exercise of its Constitutional rights of free speech, and any reference to same which would permit an inference that Ford engaged in any sort of improper conduct with regard to same would be unduly prejudicial. See Finchum v. Ford 57 F.3d 528, 532 (7th Cir. 1995); Fed.R. Evid. 401, 402, 403.

Agreed: \_\_\_\_    Granted: \_\_\_\_    Denied: \_\_\_\_

**5.**

## ANY ARGUMENT OR ATTEMPT TO SOLICIT TESTIMONY FROM LAY WITNESSES THAT THE FORD SEAT AT ISSUE SHOULD HAVE BEEN "STRONGER" OR SHOULD NOT HAVE DEFORMED AS IT DID IN THIS ACCIDENT

Any attempt by Plaintiff's counsel to argue, testify and/or solicit testimony from any of its witnesses (since Plaintiff did not name any expert witnesses in this case) or any other lay witnesses in the case that the seat back in the F-150 Ford pickup truck at issue "should have been stronger" or should not have deformed to a particular extent in this particular accident, since such testimony would require expert evidence. The vehicle at issue was involved in a rear-end collision, and it would be improper for a lay witness to attempt to testify as to the amount of seat deformation that would signify a defect under such circumstances. Ford has filed a Brief in Support of Paragraph 5 of this Motion in Limine on this issue and respectfully incorporates herein same as if fully set out. Fed.R.Evid. 401, 402, 403, 702.

Agreed: _____  Granted: _____  Denied: _____

**6.**

## REQUESTS TO PRODUCE OR AGREE AND/OR REFERENCES TO THE DISCOVERY PROCESS

Any demand or request that attorneys for Defendant produce documents or instruments contained in the files of Defendant or its attorneys or offer to stipulate to any fact, or make any sort of agreement, in the presence of the jury, or any statement or inference that certain documents or information were requested by Plaintiff and not provided by Defendant, or any allegations by Plaintiff or Plaintiff's counsel that Defendant has in any way engaged in misconduct in this or any other case in the discovery phase since all discovery issues are a matter for the Court, and any mention of discovery or objections to discovery is irrelevant. Fed.R.Evid. 401, 402, 403.

Agreed: _____  Granted: _____  Denied: _____

## 7.
## WITNESS EQUALLY AVAILABLE

Any reference to the failure of either party to call a witness equally available to both parties. Fed.R. Evid. 401, 402, 403.

Agreed: _____    Granted: _____    Denied: _____

## 8.
## PLAINTIFF'S INTENDED USE OF JUDGMENT PROCEEDS

Any mention or reference, made in any manner, as to how or in what manner Plaintiff intends to spend or otherwise distribute proceeds from any judgment or verdict rendered in this case for the reason that such matters are totally irrelevant and immaterial to any issue involved in this case. Fed.R. Evid. 401, 402.

Agreed: _____    Granted: _____    Denied: _____

## 9.
## REFERENCES TO PRIVILEGED MATERIAL

Any mention or reference made, in any form, about any claim of privilege or that Defendant has allegedly refused to produce any documents on inadmissibility or other grounds, as such matters are not properly evidence in the case and are inadmissible and would prejudice the jury. Fed.R.Evid. 401, 403, 501.

Agreed: _____    Granted: _____    Denied: _____

## 10.
## REFERENCE TO REPRESENTATION BY DEFENSE COUNSEL

That the attorneys for these Defendant in this lawsuit regularly represent this Defendant, other Defendants, corporations or insurance companies or manufacturers in lawsuits or that they have ever represented this Defendant in other lawsuits, or the number of attorneys who are members of the firms in which Defendant's attorneys practice or the number of attorneys or firms who have appeared on Defendant's behalf in this case, as the same is irrelevant and prejudicial. Fed.R.Evid. 401, 402, 403.

Agreed: _____    Granted: _____    Denied: _____

## 11.
## SETTLEMENT OFFERS

Any offer of settlement or compromise made on behalf of Defendant to Plaintiff, or on behalf of Plaintiff to Defendant, and/or any comments by any employee or agent of Ford regarding any proposed settlement or settlement process in this or any other case. Fed.R.Evid. 401, 402, 403, 408.

Agreed: _____    Granted: _____    Denied: _____

## 12.
## OTHER WELL-KNOWN PRODUCT LIABILITY LAWSUITS

Any reference to other well-known product liability cases, such as breast implants, Dalkon Shield, Ford Pinto, GM Side Saddle Tank Pickup Trucks, Firesetone ATX tires, etc. These are not relevant, but rather are highly prejudicial to Defendant. Fed.R. Evid. 401, 402, 403.

Agreed: _____    Granted: _____    Denied: _____

## 13.

## **PRIOR PUNITIVE DAMAGE AWARDS**

Evidence of any prior punitive damages verdicts or judgments against Ford or other major auto manufacturers. Such prior results are irrelevant to the issues in this case, and any probative value any such prior result may have is substantially outweighed by prejudice, confusion, and prolongation of this trial. Fed.R. Evid. 401, 402, 403.

Agreed: _____   Granted: _____   Denied: _____

## 14.

## **REFERENCE TO FAILURE TO RECALL OR MODIFY**

Any reference to failure to recall or modify or failure to warn of any alleged defect after the original sale of the vehicle at issue in this crash. Such information is not relevant and the probative value, if any, of such information is substantially outweighed by the danger of unfair prejudice to Ford, confusion of the issues, and misleading the jury. See, Syrie v. Knoll International, 748 F.2d 304, 311-312 (5th Cir. 1984), Fed.R. Evid. 401, 402, 403.

Agreed: _____   Granted: _____   Denied: _____

## 15.

## **FINANCIAL INFORMATION REGARDING FORD MOTOR COMPANY**

Any reference to the size, net worth or other financial information of Ford Motor Co. on the grounds that the same is irrelevant, not related to any issue in the case, and would be likely only to prejudice the jurors against Ford. Fed.R. Evid. 401, 402, 403.

Agreed: _____   Granted: _____   Denied: _____

# 16.

## REFERENCES TO SIDE-BAR COMMENTS IN DEPOSITIONS

Reading or playing anything in deposition transcripts other than questions by the attorneys and answers by the witnesses, specifically comments or sidebar comments by the lawyers, whether independently made or made immediately prior to the asking of a question. Fed.R.Civ.P. 32(b); Fed.R. Evid. 401, 402, 403.

Agreed: _____   Granted: _____   Denied: _____

# 17.

## THIS MOTION IN LIMINE AND OTHER COURT RULINGS ON MATTERS OUTSIDE JURY'S PRESENCE

Any mention of any action of the Court in ruling upon any matter, including this Motion in Limine, prior to the trial of this case or during the trial of this case where the ruling is made outside of the presence of the jury. Further, this Defendant requests an instruction that no mention or reference be made about the pleadings, motions (including this Motion in Limine), special exceptions, or other matters filed by this Defendant herein or that such matters filed by this Defendant was of a particular nature.

Agreed: _____   Granted: _____   Denied: _____

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the above and foregoing Motion in Limine be, in all things, sustained and the Court instruct all parties, their counsel, and all of their witnesses accordingly. Defendant further respectfully prays for such other and further relief to which it may show itself to be justly

entitled.

          Respectfully submitted,

          RODRIGUEZ, COLVIN & CHANEY, L.L.P.

          By: _____
               Jaime A. Saenz
               Attorney-in-Charge
               State Bar No. 17514859
               Federal Admissions No. 7630
               Alison Kennamer
               State Bar No. 11280400
               Federal Admissions No. 12023
               1201 East Van Buren
               Post Office Box 2155
               Brownsville, Texas 78522
               (956) 542-7441
               Fax (956) 541-2170

          ATTORNEYS FOR DEFENDANT,
          FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

          M. Lloyd Seljos
          Law Office of M. Lloyd Seljos
          2208 Primrose, Bldg. C
          McAllen, Texas 78504

          George Powell
          Hinojosa & Powell
          612 Nolana, Suite 410
          McAllen, Texas 78504

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 25 day of May, 2001.

          _____
          Alison D. Kennamer