

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-028 |
| | * | |
| FORD MOTOR COMPANY | * | |

### DEFENDANT FORD MOTOR COMPANY'S BRIEF IN SUPPORT OF PARAGRAPHS 1 & 2 OF ITS MOTION IN LIMINE REGARDING OTHER INCIDENTS, CLAIMS AND/OR ALLEGED DEFECTS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FORD MOTOR COMPANY makes and files this Brief in Support of Paragraphs 1 & 2 of Its Motion in Limine Regarding Other Incidents, Claims and/or Alleged Defects, as follows:

## I.
## INTRODUCTION

This case involves a claim by Plaintiff that the driver's side front seat in his 1993 Ford F-150 pickup improperly deformed during a rear-end collision as a result of an alleged defect. Ford disputes both the claim that deformation of a seat back during a rear end collision such as this one would constitute a defect as well as the amount of deformation that allegedly occurred in this accident. Plaintiff's counsel has indicated that he intends to introduce at trial evidence of (a) other claims, lawsuits and/or otherwise reported alleged incidents of other seat back deformations in other Ford vehicles and in other accidents; and (2) purported testimony by the repair technician that he had seen prior damage caused by seat back deformations in other vehicles. Neither of this evidence should be admitted at this time, because Plaintiff has not met the required showing for admissibility under Fed.R.Evid. 403 and 404(b).

Ford/Compean [17,902]                                                                                           PAGE 1

## II.
## THE REQUIRED PREDICATE FOR ADMISSIBILITY OF OTHER INCIDENTS EVIDENCE

The Fifth Circuit has ruled on the admissibility of such other incidents evidence under a framework established by Fed.R.Evid. 403 and 404(b) and dating back to the seminal case of <u>United States v. Beechum,</u> 815 F.2d 1356 (5th Cir. 1978), a criminal case whose reasoning was incorporated into Fifth Circuit civil cases. <u>Dial v. Travelers Indemnity Co.</u> 780 F.2d 250 (5th Cir. 1986). Essentially, the proponent of the evidence, must demonstrate that (1) there is a probative use for the evidence other than a general attack on the non-movant's character; (2) that the evidence will not violate Fed.R.Evid. 403 by possessing probative value that is not outweighed by prejudice, confusion of the issues, misleading of the jury, undue delay or waste of time; and (3) that there is demonstrable evidence that the alleged other incident was in fact the work of the non-movant. 780 F.2d 520, 523.

## III.

In the context of motor vehicle products liability litigation, the Fifth Circuit set out the framework for decisions on admissibility of other incidents and applied that framework to uphold the exclusion of other incidents evidence. in <u>Johnson v. Ford Motor Co.,</u> 988 F.2d 573 (5th Cir. 1993). In <u>Johnson,</u> the Court of Appeals explained:

> When evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are "closely similar" to the facts, and circumstances at issue. Moreover, even when a substantial similarity of circumstances is established, the district court has broad discretion to exclude such evidence under Rule 403 of the Federal Rules of Evidence. *See* Fed.R.Evid. 403. ... [T]he "substantial similarity" requirement is relaxed when evidence of other accidents is offered solely to show notice []. However, even when it is offered solely to show notice, the proponent of such evidence must establish reasonable similarity.

988 F.2d at 579 – 580 [citations omitted]. In <u>Johnson,</u> the plaintiff contended that she had been injured in an accident when she lost control of her vehicle and veered

Ford/Compean [17,902]                                                                                        PAGE 2

out of control into the oncoming lane of traffic. 988 F.2d at 576. The plaintiff contended that the loss of control occurred as the result of defective split and/or torn "boots" on the c.v. joint of her 1983 1/2 model Escort. 988 F.2d at 576-577. The plaintiff offered evidence of eight (8) other claims and lawsuits involving vehicles which had lost control. 988 F.2d at 578, n. 2. However, the court ruled that the other claims should not even be considered reasonably similar since there was no claim that the same alleged mechanical defect was at issue. 988 F.2d at 580.

### IV.

The Seventh Circuit case of Finchum v. Ford Motor Co. 57 F.3d 526 (7th Cir. 1995) applied the Federal Rules of Evidence regarding the admissibility of other claims evidence to exactly the type of evidence at hand, evidence of alleged other claims involving seat back deformations in rear-end impacts. In that case, the Court of Appeals approved the rulings of the trial court significantly limiting any evidence of other incidents. Where the plaintiffs sought to introduce evidence of other claims solely as evidence of "notice of these problems," 57 F.3d at 533, the trial court limited plaintiff to cases involving the same vehicle line and claims made prior to the date of the incident at issue. The trial court also excluded all evidence of "customer complaints concerning non-Festiva cars where many of the complaints did not even involve seat back or seat track problems." 57 F.3d at 533. Finally, as the Court of Appeals noted, where the plaintiffs attempted to introduce any evidence of claims which had arisen after the date of the accident at issue, the plaintiffs "do stumble on the requirement of demonstrating substantial similarity of the accidents." 57 F.3d at 533. As the Seventh Circuit noted, this would apparently require the same type of accident and the same type of reaction from the seatback, the same type of speed and the same types of alleged injury. 57 F.3d at 533.[1]

---

[1] The Court of Appeals noted that as to the one other incident that "might have survived this requirement of substantial similarity" in that it "involved a rear-impact crash and the collapse of the seat back," the failure to show similar speed and/or severity of injuries was fatal. The Court noted, moreover, that the exclusion "could not have seriously prejudiced the Finchums since the defendants' position as that the seats needed to respond in that manner in order to avoid more serious injury." 57 F.3d at 533.

## V.

Other recent federal cases involving attempts to admit other incidents evidence in products liability actions involving motorized vehicles have met with similar rulings: evidence offered without meeting the necessary predicate of substantial and/or reasonable similarity as required is regularly excluded.  See, e.g., Weir v. Crown Equipment Corp., 217 F.3d 453, 457 – 459 (7th Cir. 2000); Lovett v. Union Pacific Railroad Co., 201 F.3d 1074 (8th Cir. 2000) (evidence of alleged incidents involving co-defendant Chrysler); Barker v. Deere and Co., 60 F.3d 158, 161 – 164 (3rd Cir. 1995).

## VI.
## APPLYING THE CASELAW TO THE ADMISSIBILITY OF PLAINTIFFS' PRIOR CLAIMS EVIDENCE

Here, Plaintiff must demonstrate for each of the other incidents at issue that (1) the evidence is being offered for a probative purpose, and (2) the other incidents have been shown to be sufficiently similar to warrant their admission into evidence. For all of the alleged evidence that the independent dealership's repairman allegedly saw other damage to seats, Ford asserts that Plaintiff will be unable to meet that burden, because there will be no admissible evidence whatsoever of the circumstances under which such damage occurred. As to other evidence of other accidents (including customer complaints and lawsuits), at a minimum, Plaintiff must present evidence that the same make and model series of vehicle is involved, that the impact is the same in direction of force, speed and severity, that the type of alleged deformation is the same; in short, that the accidents are sufficiently similar. Based upon testimony of Ford's design analysis engineer as to the many differences from this case involved in all the prior cases he has dealt with, Ford respectfully submits that Plaintiff cannot meet this burden here.

WHEREFORE, PREMISES CONSIDERED, Defendant Ford Motor Company requests this Court to enter an order granting Paragraphs 1 & 2 of its Motion in Limine, and for such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*[signature]*

Jaime A. Saenz
State Bar No. 17514859
Alison Kennamer
State Bar No. 11280400
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

M. Lloyd Seljos
Law Office of M. Lloyd Seljos
2208 Primrose, Bldg. C
McAllen, Texas 78504

George Powell
Hinojosa & Powell
612 Nolana, Suite 410
McAllen, Texas 78504

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 25 day of May, 2001.

_____
Alison D. Kennamer