IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 2 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| APOLINAR COMPEAN | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-00-028 |
| | * | |
| FORD MOTOR COMPANY | * | |

**DEFENDANT FORD MOTOR COMPANY'S BRIEF IN SUPPORT OF PARAGRAPH 5 OF ITS MOTION IN LIMINE REGARDING OPINIONS BY LAY WITNESSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant FORD MOTOR COMPANY makes and files this Brief in Support of Paragraph 5 of Its Motion in Limine Regarding Opinions by Lay Witnesses, as follows:

## I.
## INTRODUCTION

Plaintiff did not designate any expert witnesses in this products liability case against Ford involving the driver's side seat back in Plaintiff's F-150 pickup. Nevertheless, it is believed that Plaintiff will attempt to present a case that Plaintiff's driver's side seat back should have been "stronger" or otherwise should not have deformed to any certain extent under the specific circumstances of the accident at issue. Because any such testimony by a lay witness would constitute improper opinions given by a lay witness, Ford respectfully requests that the Court grant this Motion in Limine as to same.

## II.
## THE REQUIRED PREDICATE FOR ADMISSIBILITY OF OPINIONS BY A LAY WITNESS

The Fifth Circuit has set forth the factors which must be present in order for a lay person to offer any opinion testimony in Lubbock Feed Lots, Inc. v. Iowa Beef Processors, 630 F.2d 250, (5th Cir. 1980):

As a general rule, a lay witness must restrict his testimony, insofar as it involves the rendering of opinions or inferences, to those which are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." [] This rule has several elements, all of which must be present if the offered evidence is to be considered admissible. At the outset, there must be sufficient evidence to support a finding that the witness has personal knowledge of the facts from which the inference or opinion is said to derive. [] Next, there must be a rational connection between the opinion or inference and the observed factual basis from which it derives – that is, the opinion or inference must be one that a normal person would form from those perceptions. [] Finally, the opinion or inference must be helpful, either in understanding the testimony or in determining a fact in issue.

630 F.2d at 263 [citations omitted].

### III.
### APPLICATION OF THE RULE

The federal courts interpreting this rule have been justly restrictive to plaintiffs trying to testify as the issue of defect in their own products liability actions. For example, the federal courts have excluded testimony by plaintiffs under this lay opinion rule that they would not been injured in an accident if the product had had a better warning, a bell or a "back up light." <u>See, Washington v. Dept. of Transportation</u>, 8 F.3d 296, 300 (5th Cir. 1993); <u>see also, Kloepfer v. Honda Motor Co., Ltd.</u> 898 F.2d 1452 (10th Cir. 1990), <u>quoting, Messenger v. Bucyrus-Erie Co.</u> 507 F.Supp. 41, 42 (W.D. Pa. 1980), <u>cert. denied</u>, 455 U.S. 944, 102 S. Ct. 1441, 71 L.Ed. 2d 656 (1982).

### IV.

Ford respectfully submits that whether or not a particular motor vehicle seat back was "strong enough" to avoid being considered defective in any particular accident is even more outside the realm of any lay witness's possible rational perception and ability to infer from same, and requests that this Court prohibit any attempt to elicit such testimony from lay witnesses.

WHEREFORE, PREMISES CONSIDERED, Defendant Ford Motor Company requests this Court to enter an order granting Paragraph 5 of its Motion in Limine, and for such other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Alison Kennamer

Jaime A. Saenz
State Bar No. 17514859
Alison Kennamer
State Bar No. 11280400
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
Brownsville, Texas 78520
(956) 542-7441

ATTORNEYS FOR DEFENDANT,
FORD MOTOR COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record, to-wit:

M. Lloyd Seljos
Law Office of M. Lloyd Seljos
2208 Primrose, Bldg. C
McAllen, Texas 78504

George Powell
Hinojosa & Powell
612 Nolana, Suite 410
McAllen, Texas 78504

by certified mail, return receipt requested, hand delivery, and/or facsimile transmission pursuant to the Federal Rules of Civil Procedure, on this the 25th day of May, 2001.

/s/ Alison D. Kennamer
Alison D. Kennamer